

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00038-CV

ULYSSES LEE LAUDERDALE, APPELLANT

V.

BEVERLY ANN LAUDERDALE, APPELLEE

On Appeal from the 233rd District Court
Tarrant County, Texas[1]
Trial Court No. 233-578528-15, Honorable William W. Harris, Presiding

June 30, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Ulysses Lee Lauderdale, and appellee, Beverly Lauderdale, were married in November of 1983. According to the pleadings of Beverly, they ceased to live together as husband and wife in 1987. Beverly filed for divorce on June 15, 2015. Ulysses was subsequently served with citation on October 1, 2015. Ulysses did not file an answer to Beverly's divorce petition.

On November 12, 2015, the trial court held a final hearing on the matter of the marriage of Ulysses and Beverly. The trial court entered "Default Final Decree of

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

Divorce" on the same day. The making of a record of the final hearing was waived. The final decree states that the marriage had become insupportable and the decree was issued on that basis. The final decree found there were no children under the age of 18 and that none were expected. The trial court then divided the property by ordering each to retain the property in their respective possession and to pay all debts they may have incurred.

Appellant filed notice of appeal and has furthered his appeal by filing a series of documents with this Court that we have deemed Ulysses' attempts to file briefs in support of his appeal.

The briefs filed by Ulysses do not contain any claims of error committed by the trial court in conducting the final hearing and rendering the final divorce decree. Rather, Ulysses' briefs are a rambling and confusing diatribe that alleges that Beverly is guilty of numerous crimes. Nowhere in these briefs do we find any claims for appellate relief regarding the actual divorce. Very simply put, Ulysses has not presented this Court with any allegations of error that would require that we reverse or modify the trial court's final decree. *See* TEX. R. APP. P. 38.1(f), (h), and (i). Further, Ulysses does not request that this Court take any action regarding the final decree. *See* TEX. R. APP. P. 38.1(j).

Because we find that Ulysses has not requested any relief on the only matter appearing before us, that is the final decree of divorce, we affirm the trial court's final decree in all respects.

Mackey K. Hancock
Justice

2